IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUARDIAN WARRANTY CORPORATION, | |
| Plaintiff | CIVIL ACTION NO. 10-CV-878 |
| v. | (JUDGE CAPUTO) |
| DAVID BAFUMO, | |
| Defendant. | |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Guardian Warranty Corporation's Motion for a Temporary Restraining Order ("TRO"). (Doc. 4.) When considering a request for immediate injunctive relief, a court must carefully weigh four factors: (1) that there is a reasonable likelihood of success on the merits; (2) that irreparable harm will result if the court denies relief; (3) that even greater harm will not befall the non-moving party if the court should grant relief; and (4) that granting preliminary relief will be in the public interest. *Forum For Academic and Institutional Rights v. Rumsfeld*, 390 F.3d 219, 228 (3d Cir. 2004); *Lozano v. City of Hazleton*, 459 F.Supp. 2d 332, 335 (M.D. Pa. 2006) (applying same factors for TRO as for preliminary injunction). After considering the evidence presented, I find that Plaintiff has sufficiently demonstrated each of these elements. The Court also agrees that a TRO is appropriate at this time, even without a response from the Defendant, because of the potential for irreparable harm to occur in the interim period. Therefore, Plaintiff's motion will be granted and this Court will issue a TRO to restrain Defendant until after a hearing may be held. A hearing on a more permanent preliminary injunction and on Plaintiff's motion to expedite discovery (Doc. 8) will be held on Tuesday, May 4, 2010.

NOW, this 27th day of April, 2010, at 4:40 P.M., IT IS HEREBY ORDERED THAT Plaintiff Guardian Warranty Corporation's Motion for a Temporary Restraining Order (Doc. 4) is **GRANTED** as follows:

(1) It is hereby order that Defendant David Bafumo shall not:[1]

    (a) directly or indirectly compete with Guardian in violation of the agreements set forth in Guardian's papers;

    (b) directly or indirectly solicit or accept competing business from any company which was a customer, agent or prospect of Guardian during his employment;

    (c) directly or indirectly solicit Guardian employees to leave Guardian or accept employment with any other person or company; and

    (d) disclose Guardian's proprietary, confidential and trade secret information.

(2) This Order shall be binding on Defendant and all persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise.

(3) Guardian Warranty Corporation shall post a bond in the amount of $20,000 within five (5) business days of entry of this Order.

(4) A hearing will be held on **TUESDAY, MAY 4, 2010 AT 10:00 A.M.**, in Courtroom #1, *MAX ROSENN UNITED STATES COURTHOUSE, 197 SOUTH MAIN STREET, WILKES-BARRE, PENNSYLVANIA*, on a preliminary injunction and on Plaintiff's Motion to Expedite Discovery (Doc. 8).

A. Richard Caputo
United States District Judge

---

[1] A temporary restraining order expires no later than fourteen (14) days after its entry, unless, for good cause shown it "is extended for a like period or unless the adverse party consents to a longer extension." FED. R. CIV. P. 65(b)(2).